UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAMONT ANDRE YOUNG**<br>USP Big Sandy<br>U.S. Penitentiary<br>P.O. Box 2068<br>Inez, KY 41224<br><br>　　*Plaintiff*,<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA**<br><br>**SERVE**:　The Honorable Mayor<br>　　　　　Vincent C. Gray<br>　　　　　Office of the Secretary<br>　　　　　1350 Pennsylvania Ave, NW<br>　　　　　Suite 419<br>　　　　　Washington, DC 20004<br><br>　　　　　Office of the Attorney General<br>　　　　　441 4th Street, NW<br>　　　　　6th Floor South<br>　　　　　Washington, DC 20001<br><br>　　　　　*and*<br><br>**THURMAN POWELL**, Individually and<br>　　in His Official Capacity<br>Police Officer, Metropolitan Police Department<br>300 Indiana Avenue, NW<br>Room 5059<br>Washington, DC 20001<br><br>　　*Defendants*. | CIVIL ACTION No. _____ |

**COMPLAINT**

(Civil Rights Violation, Excessive Force, Negligence, Assault and Battery, Intentional

Infliction of Emotional Distress and Negligent Infliction of Emotional Distress)

**I.　　Jurisdiction**

1.　　This is a civil action seeking damages and other relief for the injuries suffered

by Lamont Young who was shot by a police officer employed by the District of Columbia

1

Metropolitan Police Department.  This action arises under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the United States Constitution, and the common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  Venue is proper under 28 U.S.C. § 1391(b).

## II.      Parties

3. Plaintiff, Lamont Young, is an adult who is currently incarcerated at the United States Penitentiary Big Sandy in Inez, Kentucky.

4. Defendant, District of Columbia ("District"), is a municipal corporation.  The District of Columbia by and through its agents is responsible for the supervision of and operation of the District of Columbia Metropolitan Police Department ("MPD").  The District is also responsible for and has a duty to establish policies and procedures for MPD including the training, supervision, and discipline of MPD staff.

5. Defendant Thurman Powell is a Police Officer employed by MPD, and held that position at all relevant times.  Defendant Powell is sued in both his official and individual capacities.  At all times relevant to this Complaint, Defendant Thurman Powell was acting under color of law.

## III.     Factual Allegations

6. In all the acts and omissions alleged herein, all of the Defendants were acting under the color of the laws, customs, and uses and by virtue of the laws of the District of Columbia and the Constitution of the United States.

7. At all relevant time periods herein, each and every Defendant knew or should have known of the acts, omissions, and conditions alleged herein.  Said acts and omissions violated plaintiff's common law, constitutional, and statutory rights.

8. Defendant District of Columbia was at all relevant times the employer of Metropolitan Police Department Officer Thurman Powell and all MPD Officers, whose actions are stated in this Complaint.  With respect to these acts, MPD police officers acted within the scope of their employment.  Under the doctrine of respondeat superior, the District

of Columbia was and is responsible for the negligent acts of its officers for any and all common law, constitutional, and statutory violations.

9. On December 27, 2013, Mr. Young was standing in front of or near 3218 22nd Street, SE in Washington, D.C.

10. Members of the Metropolitan Police Department attempted to stop Mr. Young.

11. The police lacked probable cause to stop, seize and search Mr. Young.

12. Mr. Young raised both hands into the air at the time he was shot in the back by Defendant Thurman Powell and suffered a gunshot wound.

13. Defendant Thurman Powell discharged his weapon and shot Mr. Young.

14. Mr. Young was unarmed at the time he was shot by Defendant Thurman Powell.

15. Mr. Young did not run from the police.

16. Mr. Young did not strike or injure Defendant Thurman Powell at any time.

17. Mr. Young did not strike or injure any law enforcement member at any time from the moment he was first seen at or near 3218 22nd Street, SE in Washington, D.C. until he was taken by ambulance to a hospital.

18. Mr. Young was shot in the back by Defendant Thurman Powell.

19. Mr. Young did not pose a threat to Defendant Thurman Powell.

20. On December 27, 2013, Defendants handcuffed and searched Mr. Young and ordered him to remain on the ground after Defendant Powell shot him.

21. Mr. Young was taken by ambulance to a hospital.

22. Due to the gunshot wound, Mr. Young suffered an injury to his kidney, an injury to his liver, acute blood loss, hemothorax, systemic inflammatory response syndrome, a rib fracture, pleural effusion, a lung injury, an open wound to his back, hypopotassemia and emotional distress.

23. The Defendants restrained Mr. Young in shackles and a belly chain while he was in the hospital being treated for his injuries.

## COUNT I

### Violation of the Fourth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983

24. Mr. Young hereby incorporates paragraphs 1 through 23, *supra*, as set forth herein.

25. Defendants attempted to seize Mr. Young and used excessive force in so doing.

26. The Defendants use of excessive force was unreasonable.

27. The Defendants use of excessive force was severely intrusive.

28. The Defendants lacked probable cause to stop and search Mr. Young.

29. Defendants' actions constituted a violation of Mr. Young's Fourth Amendment constitutional rights.

30. By the acts and omissions complained of, Defendants violated Mr. Young's Fourth Amendment's constitutional rights while acting under the color of law.

31. Defendants' actions are the proximate cause of Mr. Young's injuries, including an injury to his kidney, an injury to his liver, acute blood loss, hemothorax, systemic inflammatory response syndrome, a rib fracture, pleural effusion, a lung injury, an open wound to his back, hypopotassemia and emotional distress.

## COUNT II

### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983

32. Mr. Young hereby incorporates paragraphs 1 through 31, *supra*, as set forth herein.

33. Mr. Young was handcuffed and searched and ordered to remain on the ground on December 27, 2013 by the Defendants after Defendant Powell shot him and these actions constituted a cruel and unusual punishment in violation of the Eighth Amendment.

34. The Defendants restrained Mr. Young in shackles and a belly chain while he was in the hospital being treated for his injuries and these actions constituted a cruel and unusual punishment in violation of the Eighth Amendment.

## COUNT III

### Assault and Battery Arising Out of the Act Occurring on December 27, 2013

35. Mr. Young hereby incorporates paragraphs 1 through 34, *supra*, as set forth herein.

36. Mr. Young alleges that Defendants willfully committed assault and battery on December 27, 2013 by discharging a gun and striking Mr. Young with a bullet.

37. Defendants attempted to seize Mr. Young and used excessive force in so doing.

38. The Defendants use of excessive force was unreasonable.

39. The Defendants use of excessive force was severely intrusive.

40. Mr. Young was unarmed at the time he was shot by Defendant Powell.

41. Defendants' actions are the proximate cause of Mr. Young's injuries.

## COUNT IV

### Excessive Force Arising Out of the Act Occurring on December 27, 2013

42. Mr. Young hereby incorporates paragraphs 1 through 41, *supra*, as set forth herein.

43. Mr. Young alleges that Defendants used excessive force on December 27, 2013 by discharging a gun and striking him with a bullet.

44. Defendants actions exceeded reasonable bounds.

45. Mr. Young was unarmed at the time he was shot by Defendant Powell.

46. Defendants' actions are the proximate cause of Mr. Young's injuries.

## COUNT V

### Negligence

47. Mr. Young hereby incorporates paragraphs 1 through 46, *supra*, as set forth herein.

48. Defendants have a duty to ensure that all individuals are safe and free from unwarranted attacks.

49. Defendants failed to properly train and supervise Officer Thurman Powell to prevent him from shooting Mr. Young.

50. Defendants failed to properly train and supervise police officers and other personnel to prevent them from handcuffing Mr. Young on December 27, 2013 after Defendant Powell shot him.

51. Defendants failed to properly train and supervise police officers and other personnel to prevent them from restraining Mr. Young in shackles and a belly chain while he was in the hospital receiving treatment for his injuries.

52. Due to the Defendants' failure to properly train and supervise Officer Thurman Powell, the gunshot wound that Mr. Young suffered on December 27, 2013 was foreseeable.

53. Due to the Defendants' failure to properly train and supervise police officers and other personnel, the act of handcuffing Mr. Young on December 27, 2013 after being shot and placing him in shackles and a belly chain while in the hospital were foreseeable.

54. Defendants' actions resulted in Mr. Young suffering a gunshot wound on December 27, 2013, of being handcuffed after being shot and of being placed in shackles and a belly chain while in the hospital.

55. Defendants' actions are the proximate cause of Mr. Young's injuries.

## COUNT VI

### Intentional Infliction of Emotional Distress

56. Mr. Young hereby incorporates paragraphs 1 through 55, *supra*, as set forth herein.

57. Mr. Young alleges that Defendants' actions were intentional, malicious, egregious, and a willful disregard of his rights.

58. As a result of the acts complained of, Mr. Young has suffered severe emotional distress.

## COUNT VII

### Negligent Infliction of Emotional Distress

59. Mr. Young hereby incorporates paragraphs 1 through 58, *supra*, as set forth herein.

60. Defendants failed to properly train and supervise Officer Thurman Powell.

61. Defendants failed to properly train and supervise police officers and other personnel who handcuffed Mr. Young on December 27, 2013 after being shot and later restrained Mr. Young in shackles and a belly chain while in the hospital.

62. Due to the Defendants' failure to properly train and supervise Officer Thurman Powell and other police officers and personnel, the Defendants' actions and Mr. Young's injuries were foreseeable.

63. Defendants' actions are the proximate cause of Mr. Young's injuries.

64. As a result of the acts complained of, Mr. Young has suffered severe emotional distress.

### Prayer for Relief

WHEREFORE, Mr. Young prays that this Honorable Court:

a) Issue a judgment against defendants, jointly and severally, and award plaintiff compensatory damages in the amount of two million ($2,000,000.00) dollars;

b) Issue a judgment against defendants, jointly and severally, and award plaintiff punitive damages in the amount of two million ($2,000,000.00) dollars;

c) Award plaintiff his reasonable attorney fees and the costs of this action;

d) Award plaintiff all such other and further relief to which he may be justly entitled.

### Jury Demand

Plaintiff hereby demands a trial by jury of this matter.

Respectfully submitted,

\_\_\_/s/_____
Miguel A. Serrano (DC Bar No. 491467)
Attorney at Law
1701 Pennsylvania Ave, NW
Suite 300
Washington, DC 20006
Tel: (202) 330-6290
serranomas@gmail.com

December 15, 2014                            Attorney for Plaintiff