# EXHIBIT 1

 

# METROPOLITAN POLICE DEPARTMENT
## Use of Force Review Board

**Assistant Chief of Police Lamar Greene, Chair**
**Commander Robert Alder, CID**
**Commander Daniel Hickson, MPA**
**Commander Robert Contee, 1D**
**Commander Jeffery Carroll, SOD**
**Inspector Brian Grogan, IAB**
**Captain Antonio Charland, SSB**

## DECISION – ACTION SHEET
## Monday, May 23, 2016 - UFRB Meeting

**Non-Voting Member(s):** Ucrania Paniagua, FOP

**Absent Members:** - Assistant Chief Greene, Michael Tobin-OPC

**Guest(s) Present:** Angela Simpson, IAB

---

**CASE #1:** Use of Force (Glock 17) Involving: Seventh District Officer Thurman Powell
S-I-13-674, IS# 13003609

**IAD Investigator's Recommendations:**

**Officer Thurman Powell**

1. The Use of Force (Glock 17) on December 26, 2013, by Seventh District Officer Thurman Powell be classified as *Justified, Within Departmental Policy.*

**Use of Force Review Board Recommendations:**

The UFRB did not concur with the IAD Investigator's Recommendation regarding the Use of Force (Glock 17) by Officer Thurman. The UFRB classified Officer Thurman's Use of Force (Glock 17) to be *Not Justified, Not Within Departmental Policy.*

| UFRB MEMBER | DECISION | ACTION |
|---|---|---|
|  | Powell | Issue UFRB Notification Memo to DRD. |
| **CMDR. Hickson-MPA** | COUNT ONE: *Not Justified, Not Within Departmental Policy* |  |
| **CMDR. Contee-1D** |  |  |
| **CMDR. Alder-CID** |  |  |
| **CMDR. Carroll-SOD** |  |  |
| **INSP. Grogan-IAB** |  |  |
| **CAPT. Charland-SSB** |  |  |

# USE OF FORCE REVIEW BOARD
**Decision Point Analysis Matrix**

Agent: Whittington

Case #: S-I-13-674, IS#13003609

Cmdr Robert Contee
5/23/16

## Seventh District Officer Thurman Powell

| | |
|---|---|
| **DECISION** | - Waited in car for back-up<br>- Approached subj.<br>- Ordered hands out of pocket<br>- Fired shot when he saw elbow |
| **QUESTIONS** | - Did ofc. see gun — No<br>- What was threat based on? Previous day intel. |
| | **Crime:** Family Disturbance, Assault on Police Officer<br><br>**Date of Occurrence:** December 27, 2013<br><br>**Location(s):** 3200 Blk. 22nd Street, Southwest<br><br>**Officer(s):** Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

## USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2**, state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

Alker

# USE OF FORCE REVIEW BOARD
**Decision Point Analysis Matrix**

Agent: Whittington

Case #: S-I-13-674, IS#13003609

### Seventh District Officer Thurman Powell

| | |
|---|---|
| **DECISION** | Not Justified could not see hand<br>No weapon<br>Ordered to take hands from pocket |
| **QUESTIONS** | Was the stop justified<br>Was there an actual or threatened attack<br>Was there an imminent threat |
| | **Crime:** Family Disturbance, Assault on Police Officer<br><br>Date of Occurrence: December 27, 2013<br><br>Location(s): 3200 Blk. 22nd Street, Southwest<br><br>Officer(s): Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

## USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2,** state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

# USE OF FORCE REVIEW BOARD  *Insp. Grogan  3/23/16*
## Decision Point Analysis Matrix

Agent: Whittington

Case #: S-I-13-674, IS#13003609

**Seventh District Officer Thurman Powell**

| | |
|---|---|
| **DECISION** | Use of Force Justified within ~~dept policy~~ *tactical [management?] opportunity*. Do not concur. Use of Force not justified, not within dept policy. Concur. Ofc. Powell fired round striking subject but did not observe his hands or weapon. |
| **QUESTIONS** | |
| | Crime: Family Disturbance, Assault on Police Officer<br><br>Date of Occurrence: December 27, 2013<br><br>Location(s): 3200 Blk. 22nd Street, Southwest<br><br>Officer(s): Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

## USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2,** state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

LOF for subject known to be armed from female caller previous day, for call unwanted guest, she saw him w/ a handgun. Officers voiced observing him in front of store at 22nd & Alabama Av, SE.

Officers reported in MV statements subject ignored repeated verbal commands to remove his hands from his pockets. Use of Force approx. 2 minutes after officers arrival on the scene.

Cmdr Carroll

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

Agent: Whittington

Case #: S-I-13-674, IS#13003609

### Seventh District Officer Thurman Powell

| | |
|---|---|
| **DECISION** | • Ofc could not see hands, could only see forearm.<br>• Ofc told S-1 to take out hands and he did<br>– There was no immediate threat of serious bodily injury or death. He was seen with the gun the prior day. |
| **QUESTIONS** | |
| | Crime: Family Disturbance, Assault on Police Officer<br><br>Date of Occurrence: December 27, 2013<br><br>Location(s): 3200 Blk. 22nd Street, Southwest<br><br>Officer(s): Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

# USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2**, state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

Agent: Whittington

Case #: S-I-13-674, IS#13003609

**Seventh District Officer Thurman Powell**    Hickson

| | |
|---|---|
| **DECISION** | Original ofc. called for back up & waited for b/u. |
| **QUESTIONS** | Legal authority to stop - yes. Did L. even see a weapon. actually never even saw his hand. Sudden in response to commands from Officer to remove hand. |
| | Crime: Family Disturbance, Assault on Police Officer<br><br>Date of Occurrence: December 27, 2013<br><br>Location(s): 3200 Blk. 22nd Street, Southwest<br><br>Officer(s): Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

## USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2**, state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix

# USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

Charland, A.

Agent: Whittington

Case #: S-I-13-674, IS#13003609

## Seventh District Officer Thurman Powell

| | |
|---|---|
| **DECISION** | Ofc. Powell — NOT JUSTIFIED / NOT within Dept. Policy |
| **QUESTIONS** | FOREARM<br>NO HANDS — JERKing movement<br>did not see weapon<br>Mr. Young back to officers |
| | **Crime:** Family Disturbance, Assault on Police Officer<br><br>Date of Occurrence: December 27, 2013<br><br>Location(s): 3200 Blk. 22nd Street, Southwest<br><br>Officer(s): Officer Thurman Powell – Full uniform<br><br>**No Body Worn Camera footage**<br><br>**No CCTV-DVD of Incident** |

## USE OF FORCE REVIEW BOARD
### Decision Point Analysis Matrix

| | |
|---|---|
| **RELEVANT DEPARTMENTAL POLICY/DIRECTIVE** | The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.07, Part V, Sec. B** which provides that:<br><br>In determining what level of force to use, it is important to consider the seriousness of the crime, the level of threat or resistance presented by the suspect, the imminence of danger, and the suspect's mental capacity. Only the minimum level of force needed to obtain control that the objectively reasonable officer would use in light of the circumstances shall be used.<br><br>**AND**<br><br>The Metropolitan Police Departmental training guidelines established by the provisions of **General Order 901.7, Part B, 1; and the District of Columbia Regulations Title 6A, Part 207.2,** state in part:<br><br>"No member of the Metropolitan Police Department shall discharge a firearm in the performance of police duties except under the following circumstances"<br><br>Part A: "To defend himself, herself, or another from an attack which the officer has reasonable cause to believe could result in death or serious bodily injury."<br><br>Part B: "To effect the arrest or to prevent the escape, when every other means of effecting the arrest or preventing the escape has been exhausted, of a person who has committed a felony, and the police officer has reasonable grounds to believe the person that he or she is attempting to apprehend committed the felony. Provided, that the felony for which the arrest is sought involved and actual and threatened attack which the officer has reasonable cause to believe could result in death or serious bodily injury; and provided further, that the lives of the innocent persons will not be endangered if the officer uses his or her firearm"<br><br>Part C: "To kill a dangerous animal or on that is badly injured that humanity requires its removal from further suffering"<br><br>Part D: "For target practice or competition on an approved range." |

# USE OF FORCE REVIEW BOARD
## Decision Point Analysis Matrix